UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

VULCAN MACHINERY CO., LLC,  :
         Plaintiff  :
: NO. 3:CV-06-2047
     -vs-  :
: (Judge Kosik)
DALLAS-MAVIS SPECIALIZED  :
CARRIER COMPANY, LLC.,  :
         Defendant  :

## **MEMORANDUM AND ORDER**

This matter is before the court on the motions of the defendant to dismiss the complaint and in opposition to plaintiff's motion to amend the complaint.

### Background

On October 18, 2006, plaintiff filed an action against the defendant for breach of contract.[1] On December 12, 2006, defendant filed a motion to dismiss the complaint for several reasons, but principally because the claims are preempted under the Carmack Amendment to the I.C.C. Termination Act, 49 U.S.C. §14706, *et. seq*. (Carmack).[2]

In response to the motion to dismiss, plaintiff also filed a motion to amend the complaint to correct the defendant's reasons to

---

[1] Since we write for the parties, we shall limit references to the factual basis for this action except when we believe it to be essential.

[2] The latter being applicable because the action arises out of the interstate transportation of goods by the defendant.

dismiss the original complaint.  Plaintiff now claims to proceed under the Carmack Amendment seeking the damages allowed by the Carmack Amendment.  Defendant opposes the amendment, claiming the plaintiff has not provided proof of notice to the defendant of special damages required under the Carmack Amendment.

### Discussion and Conclusion

Defendant was the interstate trucking transporter of goods plaintiff contracted for from a third party.  The purchase order of this contract provided for a delivery schedule which states that the third party "Seller shall cause equipment to be delivered at or prior to the time set forth in the below Delivery Schedule.  Buyer and Seller agree that time is of the essence."  As part of the contract, there were "Terms and Conditions" which provide that no deviation by the buyer (plaintiff) to any term of the purchase order (contract) would constitute a waiver unless it was in writing.

Plaintiff claims there was no deviation in the terms of the contract by plaintiff.  Further, the amended complaint states that the defendant was informed of the stringent time schedule involved, i.e., that the material to be shipped needed to be delivered no later than a specified date which was of the essence. *Paper Magic Group, Inc. v. J.B. Hunt Transport, Inc.*, 318 F.3d 458, 462 (3d Cir. 2003).

The dispositive issue here is whether the terms of the contract between the buyer and seller requiring delivery by a specific time, which was of the essence, and which terms were

specifically communicated to the defendant, constituted sufficient notice as a prerequisite to an action under the Carmack Amendment. We think it may be.  Regardless, a genuine issue of fact remains as to the required notice.  It at least remains an issue for discovery and subsequent later consideration in light of the holding by at least some authorities.  *Hayes Manufacturing Corp. v. McCauley*, 140 F.2d 187, 189-90 (C.A.6 1944); *Black's Law Dictionary* (5th Ed.). *Also see*, *Hidden Brook Air Inc. v. Thabet Aviation Intern.*, 241 F.Supp.2d 246, 269 (S.D.N.Y. 2002); *Stroud-Hopler, Inc. v. Farm Harvesting Company, Inc.*, 2005 WL 3693342 (N.J. Super. 2006), not reported, discussing time of the essence.

For the foregoing reasons, the motion to dismiss is **DENIED**. The motion to file the amended complaint is **GRANTED** and the defense is given twenty (20) days to respond after being formally served.

SO ORDERED.

*s/Edwin M. Kosik*
United States District Judge

Date: March 28, 2007

-3-